| | |
|---|---|
| MAURICIO MARTINEZ, DMD, PA, | IN THE CIRCUIT COURT OF THE 20th JUDICIAL CIRCUIT IN AND FOR LEE COUNTY, FLORIDA |
| Plaintiff, | |
| v. | GENERAL JURISDICTION DIVISION |
| ALLIED INSURANCE COMPANY OF AMERICA, | CASE NO.: |
| Defendant._____/ | |

## COMPLAINT

MAURICIO MARTINEZ, DMD, PA ("Plaintiff"), hereby sues the defendant, ALLIED INSURANCE COMPANY OF AMERICA ("ALLIED"), and alleges as follows:

### PARTIES, JURISDICTION, & VENUE

1. This is an action for damages that exceed Fifty-Thousand Dollars, exclusive of interest, costs, and fees.

2. Plaintiff is a Florida corporation which at all times material hereto has been conducting business in Lee County, Florida.

3. ALLIED is a Florida corporation, organized and existing under the laws of Florida, qualified to do business in Florida, and has at all times material hereto been conducting business in Lee County, Florida.

4. Venue is proper in Lee County, Florida because the contract which forms the subject matter of this lawsuit was executed in Lee County, Florida, and the subject property is located in Lee County.

5. All conditions precedent to the filing of this lawsuit have occurred, have been waived, or have been performed.

**GENERAL ALLEGATIONS**

6. At all times material hereto, in consideration of a premium paid by Plaintiff, there was in full force and effect a homeowners insurance policy issued by ALLIED with a policy number of ACP BPOL3048931337 (the "Policy"). Under the terms of the Policy, ALLIED agreed to provide insurance coverage against certain losses to Plaintiff's insured property.

7. Plaintiff, after diligent search and expenditure all efforts, has not been able to locate a copy of the Policy. Plaintiff on numerous occasions prior to this suit requested a certified copy of the insurance policy from ALLIED, but ALLIED refused to provide same. Plaintiff is not in possession of a copy of the Policy sued upon and is therefore unable to attach a copy of the Policy. However, Plaintiff hereby incorporates the Policy by pursuant to Florida Rule of Civil Procedure 1.350(a). A copy of the Policy will be obtained via discovery.

8. The Policy carries a deductible of $55,000.00 for hurricane losses.

9. Plaintiff's property insured by the Policy is located at 4905 Chiquita Boulevard South, Cape Coral, Florida 33914 ("the Property").

10. During the effective period of the policy, the Property suffered a direct physical loss.

11. Specifically, on or about September 28, 2022, a windstorm event impacted the Property (the "Event").

12. The Event caused physical damage to the Property (i.e. the "direct physical loss").

13. The Event was not specifically excluded or excepted from coverage under the Policy.

14. The physical damage was not caused by any excluded causes under the Policy.

2

15. The Event was a peril the Policy specifically insured against, thereby triggering coverage under the policy.

16. Alternatively, coverage under the Policy was triggered for the losses ensuing from the Event.

17. Due to the Event, Plaintiff either incurred, will reasonably incur, or did incur and will continue to reasonably incur financial loss (the "Loss"). This includes, but is not limited to, monies expended by Plaintiff, or that will be reasonably expended, to restore the Property to its pre-loss condition by repairing the physical damage to the Property resulting from the Event.

18. ALLIED received notice of the Loss and acknowledged it as Claim Number 807421-GN.

19. Accordingly, ALLIED inspected the Property to assess the Loss.

20. Upon inspection, ALLIED determined coverage was available for Plaintiff's Loss, but ALLIED concluded that the dollar amount of the Loss fell below Plaintiff's deductible of $55,000.00.

21. Thereafter, Plaintiff asked ALLIED to reconsider its determination that the Loss fell below the policy deductible. In so doing, Plaintiff specifically informed ALLIED of the amount of its Loss, as calculated by the repairs necessary to restore its property to its pre-loss condition and other potential losses covered by the Policy – losses totaling $392,909.41 (*See* correspondence marked as **"Exhibit A"**).

22. Prior to this litigation, Plaintiff supported the amount of its Loss with documentation detailing how the Loss was calculated (*See* repair estimate within Exhibit A).

23. However, ALLIED refused to alter its position on coverage or valuation of the Loss.

24. ALLIED's refusal to properly compensate Plaintiff for the Loss, as it promised to do in the Policy, amounts to a breach of the Policy.

25. Plaintiff has suffered and continue to suffer damages resulting from ALLIED's breach of the Policy; to wit: Plaintiff has incurred and/or will incur financial expense resulting from the Event that ALLIED was otherwise obligated to pay (i.e. their "Loss").

26. As a result of ALLIED's breach and due to the risk of nonpayment of this claim, Plaintiff was obligated to retain the undersigned attorneys for the prosecution of this action.

27. In the event Plaintiff prevails in this litigation, Plaintiff is entitled to payment of its reasonable attorneys' fees pursuant to Florida Statute Section 627.428. Further, in the event Plaintiff obtains a prevailing judgment against ALLIED, the court presiding over this action "must consider" whether a contingency fee multiplier applies to Plaintiff's recovery of attorney fees under Florida Statute Section 627.428. Florida Patients Compensation Fund v. Rowe, 472 So.2d 1145, 1151 (Fla. 1985). Because of the "strong public interest factor involved" in this case (and other factors expressed in *Rowe*) and that success is "unlikely at the outset," Plaintiff is entitled to application of a multiplier of 2.0 to 2.5. Standard Guaranty Ins. Co. v. Quanstrom, 555 So.2d 828 (Fla. 1990).

28. In the event of any judgment obtained by Plaintiff in this case, Plaintiff is entitled to and expressly herein makes a claim for collection of statutory interest accruing from the date ALLIED first received notice of the claim through the date of judgment pursuant to Florida Statute §627.70131(5)(a) and to be calculated by Florida Statute §55.03.

**COUNT I**
**BREACH OF CONTRACT**

Plaintiffs reincorporate paragraphs 1 through 28 as if fully set forth herein.

4

29. It is undisputed that Plaintiff and ALLIED entered into a written contract ("the Policy") wherein Plaintiff agreed to pay a premium and ALLIED promised to insure against the risk of covered events resulting in losses to Plaintiff's Property.

30. Plaintiff paid all premiums due and owing to actively maintain the Policy, and has otherwise performed all of her obligations set forth in the Policy.

31. Therefore, ALLIED was obligated to insure against the risk of loss resulting from covered events.

32. Specifically, upon the occurrence of a covered event at the property (a "Peril Insured Against"), the Policy obligates ALLIED to pay Plaintiff for losses resulting from the covered event. Specifically, ALLIED promised to (1) pay Plaintiffs the amounts necessary to restore her property to a pre-loss condition, and/or (2) pay Plaintiff for other potential loss or expense resulting from a covered event (e.g. loss of use, damage to contents, loss of rental income, additional living expense, etc.).

33. ALLIED was put on notice of a loss event suffered at the Property ("the Event" as identified *supra*).

34. The Event caused direct physical loss to the Property during the effective period of the Policy.

35. The Event was not specifically excluded or excepted from coverage under the Policy.

36. Alternatively, loss ensuing from the Event was a Peril Insured Against pursuant to ALLIED's policy terms.

37. Because the Event was not specifically excluded or excepted from coverage and/or loss ensuing therefrom was a Peril Insured Against, ALLIED was required to fulfill its obligation and promises to Plaintiff; specifically, to pay Plaintiff to permit it to restore its property to its pre-loss condition and/or recover for other losses stemming from the covered event.

38. To date, ALLIED has failed to perform as obligated.

39. ALLIED's failure to perform as obligated by paying Plaintiff for its losses amounts to a material breach of the Policy.

40. As a direct and proximate result of ALLIED's breach, Plaintiff suffered economic damages in the form of undercompensation of insurance benefits due to them under the Policy.

41. Plaintiff's damages at this time total $392,909.41, as detailed *supra*, less the applicable deductible. However, due to the continuing nature of the loss and the possibility that additional damage may be hidden or undiscovered, Plaintiff reserves its right to amend this pleading to state additional damages should they be discovered or should the damages change after the filing of this pleading.

WHEREFORE, Plaintiff respectfully request this Court enter judgment against ALLIED for its material breach of the Policy, that ALLIED pay Plaintiff for the full amount of its losses, that this Court issue an award of statutory interest on the judgment obtained pursuant to Florida Statute §627.70131(5)(a) and to be calculated by Florida Statute §55.03 and paid by ALLIED, that this Court award Plaintiff her reasonable attorney's fees pursuant to Florida Statute §627.428 to be paid by ALLIED, that the reasonable attorney fee rate be multiplied by 2.0 to 2.5 pursuant to *Rowe* and *Quanstrom*, and to grant such further relief as this Court deems just and proper.

6

## DEMAND FOR JURY TRIAL

Plaintiff demand trial by jury of all issues so triable as a matter of right.

Dated this 10th day of April, 2023.

                Respectfully submitted,

                **DIVERSE LEGAL SOLUTIONS, A LAW FIRM**
                55 Weston Road, Suite 408
                Weston, Florida 33326
                Telephone:   954.361.7507
                Facsimile:    954.354.3338
                Email:  ejimenez@diverselegalsolutions.com
                Service:  service02@diverselegalsolutions.com

                By:/s/ Edward G. Jimenez_____
                      EDWARD G. JIMENEZ, Esq.
                      Florida Bar Number 117771